IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 9, 2015

## STATE OF TENNESSEE v. CHRISTOPHER WILSON

**Appeal from the Criminal Court for Shelby County**
**No. 1400109      W. Mark Ward, Judge**

———————————————————

**No. W2015-00699-CCA-R9-CD  -  Filed April 21, 2016**

———————————————————

THOMAS T. WOODALL, P.J., concurring.

I concur in the majority opinion.  Since the State requested that this court defer its ruling until our state supreme court issues a ruling in a separate case where the State has urged adoption of a "good faith exception" to Art. I, section 7 of the Constitution of Tennessee, I feel compelled to respectfully express my opinion on this issue.

I respectfully believe that the United States Supreme Court participated in a most egregious example of judicial activism when it filed its opinion in *United States v. Leon*, 468 U.S. 897, 82 L.Ed.2d 677 (1984).  I agree that it is well settled that the exclusionary rule as it applies to the Fourth Amendment of the United States Constitution is not a personal constitutional right to the man or woman whose Fourth Amendment rights are violated by the government.  *Leon*, 468 U.S. at 906.  It is, instead, a judicially created remedy to protect the Fourth Amendment rights of individuals.  *Id*.  However, it is obvious that a constitutional right without an effective remedy for violation of that right is nothing more than an unenforceable objective on a piece of paper.

My opinion of the ruling in *Leon* was initially developed when I read the very first sentence of the opinion of the Court, which stated the precise issue presented, while knowing that the ruling did in fact modify the exclusionary rule to take away any remedy for the clear violation of Mr. Leon's Fourth Amendment rights.  The sentence states,

> This case presents the question whether the Fourth Amendment exclusionary rule should be modified so as not to bar the use in the prosecution's case in chief of evidence obtained by the officers acting in reasonable reliance on a search warrant issued by a detached and neutral magistrate *but ultimately found to be unsupported by probable cause*.

*Id.* at 900.  (emphasis added)

The Supreme Court went to great lengths to dismiss arguments that the exclusionary rule could ever, even possibly, encourage judges or judicial magistrates to more carefully look for the existence of probable cause in affidavits submitted by law enforcement agents. *See id.* at 916-17. This is a conclusion with which I am totally unable to agree.

In essence the Supreme Court in *Leon* approved the use of a search warrant that was invalid because no probable cause existed to justify the search. Under *Leon* a court may ignore the Fourth Amendment if the government agents (who sought the search warrant and provided all the information) failed to establish probable cause to search, but relied in "good faith" that a judicial magistrate (who in rural areas of Tennessee may not be an attorney or even a graduate of law school) concludes that probable cause exists for the government to search a person's home, vehicle, or person.

As noted in the learned trial judge's ruling, quoted in the majority opinion, the Supreme Court has extended the "good faith" exception to police conduct as a result of relying on a "presumptively valid" statute later declared unconstitutional, *Illinois v. Krull*, 480 U.S. 340, 107 S.Ct. 1160 (1987), and to a search conducted in a "reasonable" and "objective" reliance on binding appellate precedent. To me, a constitutionally invalid search warrant and an unconstitutional statute are void *ab initio*, and cannot logically justify an illegal search or seizure by a government agent at *any* time. Reliance on "binding appellate precedent," later overruled, is not what is addressed in the case *sub judice*, and would be better determined by an appellate court's determination of retroactive applicability of a decision overruling prior appellate precedence.

Article I, section 7 of the Constitution of Tennessee provides:

> That the people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and that general warrants, whereby an officer may be commanded to search suspected places, without evidence of the fact committed, or to seize any person or persons not named, whose offences are not particularly described and supported by evidence, *are dangerous to liberty* and ought not to be granted. (emphasis added)

It is very significant to me that the framers of our state's constitution clearly stated that any searches or seizures of persons which are contrary to the protections afforded by the Constitution of Tennessee "are dangerous to liberty."

2

I close my concurring opinion with a long quote from a 1979 opinion of our supreme court authored by Chief Justice Henry:

> We are bound by the interpretation given to the *United States Constitution* by the Supreme Court of the United States. This is fundamental to our system of federalism. The full, final, and authoritative responsibility for the interpretation of the federal constitution rests upon the Supreme Court of the United States. This is what the Supremacy Clause means. However, as to Tennessee's Constitution, we sit as a court of last resort, subject solely to the qualification that we may not impinge upon the minimum level of protection established by the Supreme Court interpretations of the federal constitutional guarantees. But state supreme courts, interpreting state constitutional provisions, may impose higher standards and stronger protections than those set by the federal constitution. It is settled law that the Supreme Court of a state has full and final power to determine the constitutionality of a state statute, procedure, or course of conduct with regard to the state constitution, and this is true even where the state and federal constitutions contain similar or identical provisions. *Oregon v. Hass*, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *Jankovich v. Indiana Toll Road Commission*, 379 U.S. 487, 85 S.Ct. 493, 13 L.Ed.2d 439 (1965). Thus, although state courts cannot interpret their state constitution so as to *restrict* the protections afforded by the federal constitution, as interpreted by the United States Supreme Court, they may *expand* protections on the basis of a textually identical state constitutional provision.
>
> **If this were not true the frictions of federalism would be fierce and frustrating and state supreme courts would be reduced to mere conduits through which federal edicts would flow.**

*Miller v. State*, 584 S.W.2d 758, 760 (Tenn. 1979) (bold emphasis added)

It is my sincere hope that our supreme court is never "reduced to [a] mere conduit[] through which [the] federal edicts" of the "good faith exception" would ever flow.

_____
THOMAS T. WOODALL, PRESIDING JUDGE